UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WEST BEND INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-01790-JPH-MKK |
| JONATHON C MUSE,<br>FRANK L CHALFANT, | ) |
| Defendants. | ) |

**ORDER ON JURISDICTION**

Plaintiff West Bend Insurance Company has filed this complaint for declaratory judgment, alleging that this Court has diversity jurisdiction. Dkt. 1. Plaintiff has also filed a corporate disclosure statement. Dkt. 3. *See* Fed. R. Civ. P. 7.1 (requiring each party to file a "disclosure statement with its first appearance, pleading, petition, motion, response or other request addressed to the court" that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party.").

Neither filing, however, adequately alleges Plaintiff's citizenship. A corporation is deemed a citizen of any state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Here, Plaintiff alleges only that West Bend Insurance Company is "an insurance company formed in Wisconsin with its nerve center in West Bend, Wisconsin," dkt. 1 at 1, and that it is owned by WBM Corp., which is in turn

1

owned by West Bend Mutual Holding Company, dkt. 3 at 1. These allegations are not sufficient to establish Plaintiff's citizenship, as they do not identify West Bend's corporate form. *See Wild v. Subscription Plus, Inc.* 292 F.3d 526, 527 (7th Cir. 2002); *Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (1988). Nor do they identify the state in which West Bend is incorporated—if it is a corporation—or the state in which it has its principal place of business.

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Accordingly, Plaintiff **SHALL FILE** a jurisdictional statement by November 8, 2024, analyzing jurisdiction as of the time of filing and informing the Court (1) the corporate form of Plaintiff; and, if Plaintiff is a corporation, its (2) principal place of business and (3) state of incorporation. *See* S.D. Ind. L.R. 81-1(b).

**SO ORDERED.**

Date: 10/21/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel